[No. 17100. Department One. September 8, 1922.]

THE STATE OF WASHINGTON, *Respondent,* v. FRED
HEMPKE *et al., Appellants.*[1]

INFANTS (5)—PROTECTION—CRIMINAL PROSECUTIONS—EVIDENCE—ADMISSIBILITY. In a prosecution for contributing to the delinquency of a female child, brought with a companion to another city, it is not error to admit, as a link in the chain of circumstances, evidence to the effect that a room in a hotel was procured by the brother of one of the defendants and another boy.

WITNESSES (90)—REDIRECT EXAMINATION—EXPLANATION OF TESTIMONY ON CROSS-EXAMINATION. Upon cross-examination of a prosecuting witness in a prosecution for contributing to the delinquency of a female child, tending to show that she was of immoral character, the state is entitled to show the entire transaction explaining the circumstances brought out.

CRIMINAL LAW (451)—APPEAL—HARMLESS ERROR—CONDUCT OF COUNSEL. Improper conduct of the prosecuting attorney in asking improper questions in an attempt to get improper evidence before the jury cannot be assigned as error where no objection was made at the time, and the possibility of affirmative answers justified the questions propounded, and the court admonished the jury.

[1]Reported in 209 Pac. 10.

Appeal from a judgment of the superior court for Snohomish county, Bell, J., entered December 20, 1920, upon a trial and conviction of contributing to the delinquency of a female child. Affirmed.

*E. C. Dailey, A. E. Dailey,* and *M. J. McGuinness,* for appellants.

*Thos. A. Stiger* and *Q. A. Kaune,* for respondent.

Per Curiam.—The appellants were convicted of the offense of contributing to the delinquency of a female child.

The first of the errors assigned for reversal relate to the admission of testimony. A young woman, who was the companion of the defendants and the complaining witness at the time the acts and circumstances occurred on which the state relies for conviction, was called as a witness on behalf of the state. In her testimony, after narrating the manner and by whom she and the female child mentioned had been brought to a certain city which she named, she stated that a room had been procured for them at a hotel therein. Asked who procured the room, she answered that it was procured by a brother of one of the defendants and another boy. The defendants moved to strike the answer, which motion the court overruled. It is argued that this was prejudicial error, because the defendants cannot be convicted for the wrongful acts of others. But we find no error in the court's ruling. This was but a link in the chain of circumstances, without the narration of which the defendant's part in the affair could not have been well understood. It is perhaps true that enough would have been told had the testimony been confined to the fact that others than the defendants procured the room, but the mentioning of the others' names was not error.

On cross-examination of the complaining witness the defendants sought to show that she was of immoral character. On redirect she was asked certain questions tending to explain the circumstances brought out in the cross-examination and was permitted to answer over the objection of the defendants. This ruling of the court constitutes the second assignment, but again we find no error. The explanatory matter was perhaps not very material. The girl was of tender years and her prior immoral acts would in no manner excuse the acts of the defendants, but the state was entitled nevertheless to show the entire transaction that the jury might have for their consideration all of the surroundings.

One of the defendants took the witness stand on his own behalf, and on his cross-examination the state sought to show certain admissions made by him at the time of his arrest. To these questions objections were interposed and sustained by the court. The complaint of the defendants is that the prosecuting attorney was guilty of misconduct in asking the questions and misconduct in too unduly persisting upon their materiality, thereby getting before the jury matter improper as evidence. No objection was made to the conduct of the prosecutor at the time, and the trial court was not called upon to rule on the particular objection. It may be true, as the defendants argue, that improper conduct on the part of a prosecuting attorney can amount to reversible error whether objected to or not, but we cannot think this such a case. The matter inquired into was not entirely foreign to the issues then on trial. Indeed, it seems to us, that affirmative answers to the questions propounded would have tended somewhat strongly to impeach certain statements the defendant witness had made in his

direct testimony.    This circumstance justified propounding the questions, and relieves the prosecuting
attorney of the charge of wilfully attempting to get
improper evidence before the jury.    But, more than
this, the court made it clear to the jury that the subject-matter of the inquiries was not for their consideration, and there is nothing to show that the jury did
not heed the admonition of the court.

The defendants make certain further objections
based upon the assumption that the evidence shows
that the complaining witness had theretofore been
married, and in consequence was to be "deemed and
taken as of full age" at the time of the commission of
the acts laid in the information.    These objections, we
think, must have been made under a misconception of
the record.    The record does indeed show that the woman companion of the complaining witness was theretofore married and was then living separate and apart
from her husband, but we find nothing in the record,
and nothing is pointed out to us, which shows that the
complaining witness had ever been married.

Affirmed.